IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RUBY PROVOST,<br><br>    Plaintiff,<br><br>  v.<br><br>RITE AID CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 15-05280 WHA<br><br>**ORDER DENYING REQUEST FOR FURTHER CASE MANAGEMENT CONFERENCE** |

Defendant Rite Aid Corporation has filed an administrative motion requesting a further case management conference to seek clarification on the deadline for initial disclosures. The case management order states: "All initial disclosures under FRCP 26 must be completed by **MAY 25, 2016**, on pain of preclusion under FRCP 37(c), including full and faithful compliance with FRCP 26(a)(1)(A)(iii)."

According to Rite Aid's administrative motion, the parties disagree about the following:

> The parties seek clarification on whether the Court's order means that: (1) all first-round initial disclosures in the cases must be completed by May 25, 2016, but that the parties may continue to supplement the disclosures as discovery proceeds (plaintiff's interpretation of the Court's order), or (2) any and all disclosures must be made by this deadline, and the parties may not supplement the disclosures after this deadline (Rite Aid's interpretation of the Court's order).

FRCP 26(a)(1) does not differentiate between "first-round" initial disclosures and later-round initial disclosures. Rather it describes all initial disclosures that "a party must, without awaiting a discovery request, provide to the parties." The case management order set May 25 as the

deadline for "[a]ll initial disclosures."  FRCP 26(e) describes the process for supplementing initial disclosures and supplements must genuinely qualify as supplements.  Rite Aid's motion requesting a further case management conference for the Court to explain how FRCP 26 works is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 20, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2